Jo C. GOLD and Wife, *et al.*, *v.* H. BUSH, *et al.*

STATUTE OF LIMITATIONS. *Not applicable to sureties on administration bond. When.* The provisions of §2775 of the Code do not apply to the sureties on the bond of an administrator appointed under Art. II, §2209, *et seq* thereof. Such sureties are *quasi* parties to the cause, are under the control of the Court, and subject to its decrees equally with the administrator, and can no more be relieved from their obligation by the lapse of time pending the litigation than the principal obligor. The Statute of Limitation does not affect their obligation, and the Court may render such decrees against them, as parties, as may be deemed just and equitable.

Case cited: Owen, C. & M., *v.* Nelson, Ex., MSS., Nashville, 1874.

---

FROM MONTGOMERY.

---

Appeal from the Chancery Court. THOS. BARRY, Chancellor.

JNO. F. HOUSE, for complainant.

JAS. E. BAILEY, for defendants.

DEADERICK, J., delivered the opinion of the Court.

The bill in this case was filed in the Chancery

Court at Clarksville under §2209 and following sections of Art. II of the Code, making provision for the appointment, by the . Chancery Court, of an administrator, in cases in which no one can be procured to administer. On the 25th of April, 1865, the complainant, Gold, was, by said Chancery Court, appointed administrator, and he and D. H. Duncan and G. C. Lyle, his sureties, executed, in open Court, a bond, which was filed in the cause. The complainant, Gold, and his wife, the only heir at law of T. H. Hinson, the deceased, and the widow of deceased, were the complainants, and the creditors of deceased were made defendants to the bill. The Statute provides, among other things, that the administrator, when appointed, shall be a party, and bound by any decree or order of the Court, and shall be under the same responsibilities as a receiver; and that the administration of the estate, shall be conducted as an insolvent estate. It is further provided that bond, with surety, shall be given, conditioned that the administrator render a true inventory at the next Term, and that he will deliver the assets over, or place the same or the proceeds under the charge of the Court. The bond executed binds the administrator to return his inventory to the next Term of the Court, and to administer the estate within two years, or such time as the Court may direct, and shall pay and deliver to the person entitled any fund remaining, pursuant to the true intent and meaning of this administration. At April Term, 1866, Gold not having returned any inventory, an

Gold *v.* Bush.

order was entered, directing him to return an inventory to the next June Rules, and directing the Clerk to report the condition of the estate to the next Term. No inventory or report having been made to the October Term, 1866, or the April Term, 1867, the order of April Term, 1866, was revived. At October Term, 1867, the Master filed his report, showing assets in the hands of the administrator amounting to $4,809 51, which, on 2nd December, 1867, he was ordered to pay into the office of the Clerk and Master. The money not having been paid on the 31st October, 1868, a decree was entered, directing its payment to the Master within four months, and, upon default, that attachment for contempt should issue. No further step seems to have been taken in the cause until December 13, 1873, when a decree was rendered against Gold and his sureties upon the bond for the amount found in his hands, which he had failed to pay over, as ordered by previous decrees. From this decree, the surety, Lyle, appealed, he having resisted its rendition upon the grounds that more than six years had elapsed from the time the cause of action had accrued at the time of rendering the decree, and that the motion or action was barred under §2775 of Code.

Does the Statute of Limitations apply to a case like the one under consideration? We think not. The bond was executed by all the parties to it in open Court in the cause therein pending. The administrator being under all the responsibilities attach-

ing to a receiver—the estate being, in fact, insolvent; and, even if otherwise, to be administered under the law as if it were—the sureties, by their undertaking in open Court, making themselves *quasi* parties to the cause, they are equally bound by the decrees of the Court with the administrator, and alike subject to its control, and can no more be relieved from the obligation of their bond by the lapse of time pending the litigation than the principal obligor. At the present Term of this Court we held that the Statute of Limitations did not run in favor of a surety upon a note executed to the Clerk and Master and while in the custody of the law. *MSS. Opinion: D. R. Owen, C. & M.,* v. *Robt. Nelson, Ex.* The parties to the bond, executed in open Court in the progress of the suit, are parties to the suit in such a sense as that the Statute of Limitations will not affect their obligation, and the Court may, as parties, render such decree for or against them as may be deemed just and equitable.

There was, therefore, no error in the Chancellor's decree, and it is affirmed.